## Goughenour, Appellant, *v.* Campbell.

Argued April 14, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John R. Gavin,* with him *Edward O. Spotts,* and *Spotts, Gill, Gavin & Morrow,* for appellant.

*John F. Ploeger,* with him *Robert B. Truel,* and *Truel and Ploeger,* for appellees.

OPINION BY CERCONE, J., June 22, 1971:

Robert and Grace Campbell had entrusted their son Bruce with the custody and control of their automobile. Bruce, in turn, entrusted its custody and control to Constance Steigerwald, who was operating the vehicle at the time it went out of control, crossed the center of the highway into the lane of oncoming traffic, and struck a vehicle being operated by one Helen Bell. One of the passengers in the Campbell car driven by Constance Steigerwald was Donna Fay Goughenour, a minor, who by her guardian, instituted this suit against

Constance Steigerwald on the basis of her negligent operation, and against Constance's parents on the theory of agency. Also sued as defendants were Bruce Campbell and his parents Robert and Grace Campbell, plaintiff alleging that Constance Steigerwald was driving the Campbells' car at the time of the collision with their permission and as their agent.

The Steigerwald parents and the Campbells filed Answers denying agency. However, the Steigerwalds in their Answer also set forth New Matter alleging that the collision was not the result of any negligence on the part of their daughter Constance, but the result of a mechanical defect of the Campbell vehicle and that the Campbells were negligent in failing to properly maintain the vehicle and in failing to warn Constance Steigerwald of the defective nature of the automobile. No Reply was made to this New Matter, and the plaintiffs did not amend their Complaint to include the negligence which the Steigerwalds, in their New Matter, attributed to the Campbells.

The suit was consolidated for trial with that filed by Helen Bell,[1] the operator of the vehicle struck by Constance Steigerwald. The Bell suit was brought solely against Constance Steigerwald. Constance Steigerwald brought the Campbells on the record as additional defendants, pleading and alleging against them the very same acts of negligence concerning the mechanical defect of the Campbell car which she had charged against them in her New Matter filed in the Goughenour case.

---

[1] The caption in that case reads as follows: "MALCOLM A. BELL and HELEN R. BELL, his wife, and JOHN A. BELL, a minor, by his parents and natural guardians, MALCOLM A. BELL, and HELEN E. BELL and MALCOLM A. BELL and HELEN E. BELL in their own right, and VIOLET BELL vs. CONSTANCE K. STEIGERWALD, Original Defendant vs. ROBERT W. CAMPBELL, GRACE L. CAMPBELL and BRUCE CAMPBELL, Additional Defendants."

The cases proceeded to trial, and in the Goughenour case the plaintiff introduced, without objection, testimony that the steering mechanism of the Campbell vehicle was defective and functioning improperly and that as a result of the defect, Constance lost control and the vehicle traveled onto the wrong side of the road striking the Bell vehicle head on. At the conclusion of this testimony, plaintiff made a motion to amend the Complaint to include the allegation that the Campbell vehicle was mechanically defective and that the Campbells were negligent in permitting such a defective vehicle to be operated by defendant Constance Steigerwald. No objection was made to the allowance of such amendment and it was granted. However, at the conclusion of plaintiff's case, the defendants Campbell moved to strike the amendment on the ground that it raised a new cause of action which was barred by the statute of limitations. The court did strike the amendment from the record, holding, in effect, that it was too late for plaintiffs to amend their Complaint to include allegations relating to the Campbells' negligence in permitting a defective vehicle to be operated. Plaintiffs offered no evidence relating to agency, and, on this state of the record, the court granted the motion of defendants Campbell for compulsory nonsuit. It also entered a nonsuit in favor of all the Steigerwalds.

Although the court thus did not permit the defective vehicle theory of negligence to be utilized and relied upon by the minor plaintiff, Donna Fay Goughenour, as part of her case in chief, it did allow the plaintiffs Bell to proceed against the Campbells on the defective vehicle theory of negligence (as introduced in defendants' Steigerwald Complaint against the Campbells as additional defendants) even though that theory of negligence was not pleaded against the Campbells in

the Bell Complaint. The Bells recovered a substantial verdict.

Donna Fay Goughenour has appealed, contending it was error for the court below to grant the nonsuit in her case, and that the court should have permitted the defective vehicle issue to be utilized and relied upon by her, even though not alleged in her Complaint, because it had been pleaded and raised as an issue by the Steigerwalds in their New Matter. It was the lower court's view that the reasoning which allowed plaintiffs Bell to have the benefit of the defective vehicle issue in their case and which disallowed it in plaintiff Goughenour's case was that Rule 2255(d) of the Pennsylvania Rules of Civil Procedure specifically provides that: "The plaintiff shall recover from an additional defendant found liable to him alone or jointly with the defendant as though such additional defendant had been joined as a defendant and duly served and the initial pleading of the plaintiff had averred such liability." The plaintiff's right to recover against an additional defendant exists without necessity of plaintiff amending his Complaint: *Virden v. Hosler*, 387 Pa. 1, at page 11 (1956). As stated in *Sheriff v. Eisele*, 381 Pa. 33, at page 35 (1955): ". . . an additional defendant, when joined as such, becomes immediately subject to plaintiff's claim in every respect and with the same force and effect as if he had been originally named as a defendant, and even without the necessity of any pleading being filed by the plaintiff against him: (Pa. R.C.P. 2255(b))."

The question posed here is whether or not a different result should be reached where all the parties have been named as defendants by the plaintiff and one of the defendants files an Answer containing New Matter in which he alleges the liability of a co-defendant on a theory not set forth in plaintiff's Complaint. Should

the plaintiff be permitted to avail himself of the issue so raised, just as he could have if it had been raised by way of a defendant's Complaint against an additional defendant?

The lower court admitted that the Steigerwald pleading of New Matter was not improper and that it did raise the issue of a defective steering mechanism as between the Steigerwalds and the Campbells: *Berlo Vending Company v. Sealright Company, Inc.*, 88 D. & C. 401 (1954); *Dolphin v. Dean*, 29 Pa. D. & C. 2d 561 (1963). But the court refused to allow that issue to inure to the benefit of plaintiff Goughenour because there was no rule specifically so providing in a case where a plaintiff sues all parties as defendants. We hold this reasoning and the result reached thereby to be error.

The Pennsylvania Rules of Civil Procedure cannot be regarded as having expressly provided for each and every procedural situation which may arise in the myriad of trials the rules are to govern. It must be kept in mind "The procedural rules are not ends in themselves, but means whereby justice, as expressed in legal principles, is administered; they are not to be exalted to the status of substantive objectives": *General Mills, Inc. v. Snavely*, 203 Pa. Superior Ct. 162, at page 167 (1964); *Esso Standard Oil Co. v. Taylor*, 399 Pa. 324 (1960). We would indeed be exalting the rules of procedure to the status of substantive objectives by holding that in the absence of an express rule plaintiff is denied a right which justice, reason and logic dictate he should have. In this case the rules have not denied the right claimed by plaintiff, but merely have not expressly provided for it. This leaves us with the true issue: Whether or not the silence of the Rules of Civil Procedure can be interpreted as intending to deny to a plaintiff the right to avail himself of the issues raised

by a defendant's New Matter. In answering this question we must keep in mind that "The Rules are to be interpreted with common sense to carry out the purposes for which they were adopted": *Usner v. Duersmith,* 346 Pa. 494, at page 496 (1943).

The rules relating to the joinder of additional defendants were promulgated for the purpose of simplifying and expediting the disposition of matters involving numerous parties with divergent interests: *Coppage v. Smith,* 381 Pa. 400, at pages 404-405 (1955). The rule relating to the permissive joinder of parties, Rule 1020, was promulgated for the same purpose. Why, then, should a different result obtain where, instead of joinder of additional defendants by Complaint of original defendant, we have, as here, a permissive joinder of all defendants in plaintiff's Complaint? We can find no basis for making such a distinction and do not believe such a distinction was intended by the rules. The mere absence of a rule in this case cannot buttress an argument that a denial of the claimed right was intended. In the case of a permissive joinder of defendants, where the plaintiff himself has named and served all the defendants, it would be a natural consequence that all the issues raised between and among the co-defendants by New Matter in an Answer to the plaintiff's Complaint would inure to the benefit of the plaintiff, and therefore, no rule expressly providing for it was deemed necessary. In contrast, we can see why Rule 2255(d) is necessary to clarify the right of a plaintiff against an additional defendant. We have a stranger to the plaintiff's suit brought upon the record by the original defendant's Complaint. The right of the plaintiff to secure the benefit of issues raised by a separate Complaint of the defendant against the additional defendant is not such a natural consequence of the plaintiff's suit against the original defendant. In

fact, the former rules (Rule 2258(a) now suspended) denied the plaintiff such right in the absence of an amended Complaint. We cannot, therefore, reasonably interpret the lack of express provision for the rights claimed by plaintiff in this case as a denial of such right.

Furthermore, to deny a plaintiff who avails himself of the right to a permissive joinder of defendants the benefit of issues he would have had if he had sued one defendant who then raises issues by Complaint against others as additional defendants, would be inconsistent with Rule 2231(d) which provides that the joinder of parties shall not affect the procedural rights of the parties.

We therefore reverse the order of nonsuit entered by the court below and remand the case for trial consistent with this opinion.

MONTGOMERY and HOFFMAN, JJ., concur in the result.