## Pennzoil United, Inc. v. Oakes

*William J. McConnell*, for plaintiff.
*John R. Gavin*, for defendants.

ACKER, J., April 25, 1972.—By preliminary objection requesting a more specific complaint and by a motion to strike a derivative claim of the parents of the minor-defendant and a property damage action joined with defendants' counterclaim this matter comes for determination.

The action was filed against Curtis Oakes without disclosing his minority. It arises from an automobile-truck collision which occurred on September 7, 1971, on Route 173 near Cooper Road in French Creek Township, Mercer County, Pa. Plaintiff's action is for property damage to its motor vehicle and moneys required to pay for medical attention to its driver. By an answer containing new matter in a counterclaim, it is disclosed that Curtis Oakes is, in fact, a minor and his parents are joined as his guardian in the assertion of his personal injury claim. In addition, the parents have incorporated as count two a blanket assertion for medical, surgical, hospital and similar attentions and loss of services. Combined therewith is a claim for

property damage to the motor vehicle operated by the minor, but owned by one or both plaintiffs.[1]

Both parties state that there are no cases controlling the right or duty of the parents to raise their derivative claim as well as an independent action in answer to a claim against their son. Our independent research fails to disclose any case in point.

It is the assertion of plaintiff that by Pennsylvania Rule of Civil Procedure 1046, the matters which may be pleaded in a counterclaim are limited to those belonging to defendant himself. The rule does read that "a defendant may plead a counterclaim. . . ." Therefore, the parents, it is argued, may not raise either their derivative claim or an independent claim, for they are not a party to the action. The parents respond that they are required to raise their derivative action for to prevent them from doing so at this time would be to deny them the right to ever assert such a claim. Pa. R. C. P. 2228(b) does require such a result.[2]

The rule does not limit the causes of action which must be asserted to derivative actions only. The plural "causes of action" is used. The broad language that such causes of action, therefore, accrue to the minor *and also* to the parent or parents of the child, inclusively,[3] leads to the conclusion that independent as well as derivative matters must be asserted.

---

[1] Paragraph 9 of the complaint refers to the vehicle as "the plaintiff's vehicle." Therefore, it is not known whether it is the vehicle of both Neil and Ruth Oakes or but one of them and, if one, which one. This, however, has not been attacked by preliminary objection.

[2] It states that if an injury not resulting in death is inflicted upon the person of a minor and causes of action therefore accrue to the minor and also to the parent or parents of the minor they shall be enforced in one action brought by the parent or parents and the child.

[3] The drafters of this rule by a note make specific mention that "When the interest of a minor is involved under subsection (b), rule 2028(a) shall apply."

At the very least, the parents would have the right to join pursuant to Pa. R. C. P. 2229 where any plaintiff who asserts any right to relief jointly, severally, separately or, in the alternative, where there is a common question of law or fact, may do so. If such joinder occurs by Pa. R. C. P. 2231(c), the trial shall be conducted as if independent actions between such parties had been consolidated for trial. Therefore, it appears clear that the parents of the minor-defendant not only have the right, but should join in this action.

Finally, Pa. R. C. P. 126 states the spirit by which the rules must be construed. It states they must be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. Further, that the court at every stage may disregard any error or defect of procedure which does not effect the substantial rights of the parties. Even if plaintiff was technically correct in his objection it would be dismissed because there is no showing of a substantial right being affected.

Although not factually identical, the reasoning of Goughenour v. Campbell, 219 Pa. Superior Ct. 142, 281 A. 2d 69 (1971), is equally applicable to the case at bar. There, it is noted that the rules of joinder of additional defendants were promulgated for the purpose of simplifying and expediting the disposition of matters involving numerous parties with divergent interests. The same is applicable with the joinder of plaintiffs. It was held that the Pennsylvania Rules of Civil Procedure cannot be regarded as expressly providing for each and every procedural situation which may arise in the myriad of trials the rules are to govern. They are not ends in themselves, but the means by which justice as expressed in legal principles is administered. They are not to be exalted to the status of substantive objectives.

In the case at bar, all reason and logic dictates the

conclusion that plaintiff's motion to strike must be denied.

As to the motion for more specific complaint, it is claimed that defendant has circumvented the requirement of pleading specific injuries by using a catchall in paragraph 5(d). It reads: "The muscle, nerves, tendons, ligaments, blood vessels, bones and tissues of his body were torn, strained, sprained, bruised, contused and broken." This, of course, would permit proof of brain damage as well as a torn hangnail. Some lower courts follow by local rule the procedure of the Federal courts in requiring a detailed exchange of medical information and a meeting of counsel prior to a pretrial with the court to delineate the issues and come to an agreement on as many questions of law and fact as are possible. Our court has not promulgated such rules. We have condemned a blanket allegation similar to that here present in Kopen v. Hawk, 14 D. & C. 2d 713 (1958). Similarly, after specific allegations of injury plaintiff alleged "other injuries both internal and external in and about the head, limbs and body." There we held, page 714, "A catchall averment of 'other injuries' is nothing more than a generalized averment under which any injury whatever could be proved at the trial."[4] As long as Pennsylvania continues to use the fact pleading system, such generalized pleading as to specific injuries must be denied, tempting as it may be to relegate a party to depositions or interrogatories.

Plaintiff also claims that the counterclaim is insufficient in that it fails to allege what portions of defendant's body had been disfigured as a result of the alleged

---

[4] See also to the same effect Henneous v. Henneous, 16 D. & C. 772 (1931); Price v. The Pennsylvania Railroad Company, 17 D. & C. 2d 518 (1958), and Kearns v. Peterson, 25 D. & C. 2d 213 (1961).

negligence of plaintiff. Contrary to the "catchall" paragraph dealt with above, defendant did in paragraph 5(a) inform the reader, "He suffered extensive lacerations of the face, head and scalp." We believe that this is sufficiently specific and would be more than adequate to inform an examining physician the parts of the body to look for extensive lacerations and resulting scarring in the event of a medical examination.

The final two contentions of plaintiff are that the counterclaim is not sufficiently specific because it fails to aver the occupation or employment of defendant as well as the amount of his earnings which he lost and the times that he was unable to work and that he failed to aver what medical, surgical and hospital expenses had been incurred in the past.

As to the former, it must not be forgotten that defendant is a minor. Further, that the parents do not allege a loss as a result of inability to work. Rather they claim that "they have lost and will lose the services of the minor-plaintiff." Prospective lost earning capacity has never been required to be plead, only past loss of earnings.[5] We do not believe that, as alleged in this case, defendant must be required to plead further as to the loss of services alleged.

Plaintiff's position is well taken, however, in requiring that defendant set forth in detail the moneys which have been expended in the past for medical, surgical and hospital care.[6]

## ORDER

And now, April 25, 1972, plaintiff's motion to strike is denied. Plaintiff's motion for more specific complaint

[5] Kearns v. Peterson, supra, and Price v. Pennsylvania Railroad Company, supra.

[6] Kearns v. Peterson, supra, and Price v. The Pennsylvania Railroad Company, supra; Brandeis v. Kenny, 31 D. & C. 2d 347 (1963); Dienes v. Roberts, 3 Mercer L. J. 265 (1960).

as to paragraph 5(d) is granted and defendants are required to aver which muscles, nerves, tendons, ligaments, blood vessels, bones and tissues of defendant's body were torn, strained, sprained, bruised, contused and broken in addition to those specifically alleged in paragraphs 5(a), 5(b), 5(c) and 5(e). Plaintiff's objection to paragraph 6(b) is sustained and defendants are ordered to allege what medical, surgical and hospital expenses have been incurred in the past if any. Plaintiff's objection to paragraph 6(c) concerning a request for a more specific complaint as to the allegation that the parents have lost and will lose the services of the minor-plaintiff is denied. Plaintiff's preliminary objection to paragraph 6(d) of defendant's counterclaim requesting that defendants allege the portions of defendant's body which had been disfigured is denied in view of paragraph 5(a) of the counterclaim which informs that defendant suffered extensive laceration of the face, head and scalp.