## Bell v. Gerber

*Archie Wallace,* for appellant.

*Francis Fornelli,* for appellee.

ACKER, J., May 15, 1972.—The matter for determination arises from a rule to show cause why an appeal in a civil action from a district magistrate should not be stricken. The sole basis advanced is that notice of the appeal was given to the district magistrate by ordinary mail only. There is no attack upon the appeal

itself in any other regard. It is the position of the appellee that the Pennsylvania Rules of Civil Procedure for Justices of the Peace specifically control this matter. Rule 1005A provides:

"The appellant shall by personal service or by certified or registered mail serve a copy of his notice of appeal upon the appellee and upon the justice of the peace in whose office the judgment was rendered. . ."

In addition, rule 1001(8) states:

"Service 'by certified or registered mail' means the mailing of properly addressed certified or registered mail."

Appellant has two responses. First, that form should not prevail over substance and, second, that there is a conflict between the statutory authority of the Minor Judiciary Court Appeals Act and the Procedural Rules promulgated by the Supreme Court. Specifically, appellant points to 42 PS §3005, being the Act of December 2, 1968 (No. 355), sec. 5, which became effective January 1, 1969. Subsection (c) thereof provided:

"The appeal shall be conducted and prosecuted in accordance with the law and the Pennsylvania Rules of Civil Procedure that would have been applicable if the action had been initiated in the Court of Common Pleas."

This section is difficult to understand, for at the time of its effective date there were no Pennsylvania Rules of Civil Procedure controlling appeals from district magistrates or justices of the peace to common pleas. Rather, it was controlled by statute.[1] Prior to the promulgation of the Procedural Rules by the Supreme Court which became effective June 1, 1971, the procedure as to service was controlled by local rules of court.

---

[1] Act of April 15, 1845, P. L. 459, sec. 6, 42 PS §911.

They required only service by regular mail.[2] However, the Supreme Court by its Procedural Rules has now prescribed certified or registered mail.

By the commentary to rule 1001 it is to be noted that there is no requirement that the sender's receipt for certified mail be postmarked nor is there any return receipt requirement for certified or registered mail. Subsection (9) of rule 1001 merely provides that proof of service means a sworn written statement that service was made by personal service or by certified or registered mail with the sender's receipt for certified or registered mail attached thereto if service was made by mail. The Acts of Assembly suspended by rule 1081 do not include the section of the statute relied upon by appellant. Interestingly, the party obligated to file the complaint may serve it upon his opponent by rule 1005C by sending it through ordinary mail. Even though the Pennsylvania Rules for Justices of the Peace were not promulgated at the time of the statute's effective date, it is apparent that the legislature intended that there be such rules and that they control cases to be decided raising the issue of whether a proper appeal has been perfected.

This, however, leaves for determination whether this court shall strike the appeal upon what may well appear to a lay person, at least, as a hypertechnical position. Both parties agree that there are no cases specifically in point, but it is argued that the court should analogize from other cases under the previous statute and require a literal compliance with the rule.

---

[2] Mercer County Rule L313(b) required written notice within 10 days of filing the appeal and to file proof of service within 15 days after the appeal is filed. By Local Rule L300 service is to be as prescribed in Pa. R. C. P. 1027. That rule permits service by leaving a copy or sending it by mail to the address of the party.

Appellant cites two cases for its position. In Mellon National Bank v. Black, 47 D. & C. 2d 737 (1969), an appeal was stricken where appellant failed to pay the costs and entered bail absolute for double the probable amount of costs accrued and likely to accrue as required by the Act of March 20, 1845, P. L. 188, 42 PS §921, or to enter bail absolute for the payment of debt, interest and costs that have accrued or will accrue upon the affirmance of the judgment provided by the Act of May 29, 1907, P. L. 306, 42 PS §928. Appellant had deposited with his affidavit for appeal a cashier's check for $50 to cover costs. The Superior Court had ruled, however, in civil cases that a deposit of cash was not sufficient to meet the requirements of the statute.[3]

Appellant also brings to the court's attention its previous opinion in McDowell v. Parkany, December term, 1970, no. 168. This case involves an appeal from a board of arbitration for a failure to file a proper bond. The rigid requirement concerning such bonds of Gable v. Chintala et al., 212 Pa. Superior Ct. 471, 243 A. 2d 487 (1968), was abandoned in Beth-Allen Sales Company v. Hartford Insurance Group, 217 Pa. Superior Ct. 42, 268 A. 2d 203 (1970). In the last-mentioned case, the court decided that plaintiff, in good faith, took his appeal and filed a bond which in his opinion complied with the requirements of the statute. In so holding, it stated, at page 48:

"To quash the appeal on these circumstances would result in a return of the supremacy of form over substance and the exaltation of technical detail over justice, an approach which courts in all areas have been

---

[3] Gable v. Chintala, infra; Bauman v. Bittner, 152 Pa. Superior Ct. 628, 33 A. 2d 273 (1943). The liberal view of allowing appeals is followed as to arbitration in Cassidy v. Vandergrift, 50 D. & C. 2d 717 (1970).

opposing for many years." Certainly, this is the enlightened view of rules of procedure. Our Superior Court in Goughenour v. Campbell, 219 Pa. Superior Ct. 142, 281 A. 2d 69 (1971), held that the Pennsylvania Rules of Civil Procedure are not ends in themselves but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives.

Therefore, without specific authority to the contrary, it is the holding of this court that justice requires that the rule to show cause why the appeal should not be stricken be dismissed.

### ORDER

And now, May 15, 1972, the rule to show cause why an appeal in a civil action from a district magistrate should not be stricken is discharged.