### Christine v. Howard T. Maker and Smith Transfer Co.

*Richard E. Santee*, and *Sigmon and Ross*, for plaintiff.

*Howard S. Epstein*, and *Efron, Black and Epstein*, for defendants.

BACKENSTOE, *J.*, May 25, 1978 — The instant case arose out of a collision between defendant's tractor-trailer and plaintiff's Datsun pickup truck. The accident occurred approximately 165 feet west of the entrance ramp onto the westbound lanes of Route 22, Whitehall Township, Pa. On November 17, 1977, plaintiff filed the instant action in trespass seeking to recover for damage to his vehicle. Defendants have filed a joinder complaint against "John Doe," the driver of a Vega automobile, who defendants claim is responsible for the accident. Defendants do not allege the identity of the additional defendant or any facts upon which he could be identified, except that he was driving an automobile believed to be a Vega. The matter is now before the court on plaintiff's preliminary objections to defendants' complaint. We find this joinder improper and strike defendants' complaint.

Defendants cite no authority which would support the joinder of an unidentified additional defendant. Rather, it is argued that since the rules do not prohibit joining a "John Doe" as an additional defendant such a joinder is permitted.[1]

---

1. Pa.R.C.P. 2252.

We find defendants' position untenable. The Pennsylvania Rules of Civil Procedure cannot be regarded as having provided for each and every procedural situation which might arise in the course of litigation: Goughenour v. Campbell, 219 Pa. Superior Ct. 142, 147, 281 A. 2d 69, 72 (1971). The rules must be interpreted with common sense to carry out the purpose for which they were adopted: Usner v. Duersmith, 346 Pa. 494, 496, 31 A. 2d 149, 150 (1943). The rules relating to joinder of additional defendants were promulgated for the purpose of simplifying and expediting the disposition of matters involving numerous parties: Coppage v. Smith, 381 Pa. 400, 404-5, 113 A. 2d 247 (1955); Goughenour v. Campbell, supra, at 148, 281 A. 2d at 72. Even the most liberal construction of the rules relating to joinder would not permit defendant to join an unidentified person where no facts have been pleaded which would offer any reasonable prospect of ever identifying the individual or serving him with process. Whatever defendants' reasons for joining this "John Doe" they cannot be said to foster judicial economy which is the purpose of the rule. Defendants' stated reason that "John Doe" was joined to protect the record is unconvincing. Late joinder may be allowed nunc pro tunc for cause shown: DelGuercio v. DiFalco, 51 D. & C. 2d 776 (Del. Co. 1971); Duffy v. National Janitorial Service, 86 Montg. 217 (Pa. 1965); Pa.R.C.P. 2253. Accordingly, defendants' complaint joining John Doe as an additional defendant is dismissed.[2]

---

2. While no Pennsylvania cases have been found dealing with the propriety of joining John Doe defendants, numerous Federal courts have held such joinder improper. See Hurst v.

## ORDER

Now, May 25, 1978, for the reasons set forth in the accompanying opinion, it is ordered that plaintiff's motion to strike out John Doe as an additional defendant in the above captioned case is granted.

California, 451 F. 2d 350 (9th Cir. 1971); Sigurdson v. Del-Guercio, 241 F. 2d 480 (9th Cir. 1956); Grover City v. United States Postal Service, 391 F. Supp. 982 (C.D. Cal. 1975); Reaves v. Sielaff, 382 F. Supp. 472 (E.D. Pa. 1974); Mississippi Valley Barge Line Co. v. Bulk Carriers Ltd., 249 F. Supp. 743 (S.D.N.Y. 1965). See generally Comment, Unknown Parties: The John Doe Defendant, 1970 Law & the Social Order 256 (1970).