426 A.2d 1143

**DEL BORING TIRE SERVICE, INC.,**

v.

**BARR MACHINE, INC., Appellant,**

v.

**LOADER LEASING, INC.**

Superior Court of Pennsylvania.

Argued Nov. 15, 1979.

Filed March 6, 1981.

Petition for Allowance of Appeal Denied June 2, 1981.

---

68

Wayne A. Kablack, Indiana, for appellant.

Gary C. Horner, Johnston, for Del Boring, appellee.

Robert W. Lambert, Indiana, on brief for Loader Leasing, Inc., appellee.

Before CERCONE, President Judge, and MONTGOMERY and LIPEZ, JJ.

CERCONE, President Judge:

This is an appeal by Barr Machine, Inc. from an order of the Court of Common Pleas of Indiana County sustaining in part the preliminary objections of Loader Leasing, Inc. to Barr's third party complaint joining Loader Leasing as an additional defendant to an original action brought by Del Boring Tire Service, Inc. against Barr Machine, Inc., original defendant. Barr presents us with the question of whether the principle of *res judicata* prevents it from asserting a claim against Loader Leasing as additional defendant identical to one raised by Del Boring against Loader Leasing, in an action to which all three were parties, and decided in Loader Leasing's favor.

The instant litigation involves a dispute over who is liable for payment for three tires delivered by Del Boring to Loader Leasing. Del Boring filed a complaint in assumpsit in two counts against Loader Leasing and Barr on June 16, 1978. Loader Leasing and Barr filed preliminary objections to the original complaint which was then amended by Del Boring pursuant to Rule 1028 of the Rules of Civil Procedure. To the amended complaint Barr filed two preliminary objections: the first in the nature of a demurrer, the second a demand for a more specific pleading. Loader Leasing demurred to the amended complaint contending it failed to state a cause of action. On November 2, 1978, the court sustained Loader Leasing's demurrer and dismissed count two of the amended complaint, which had alleged Loader Leasing's sole liability to Del Boring. There was no appeal from the November 2 order. By order of the same date, the court rejected Barr's preliminary objections and required it to file an appropriate pleading within twenty days. Barr timely filed its answer and new matter. At the same time it filed a complaint against Loader Leasing as an additional

defendant, alleging *inter alia* the latter's sole liability to Del Boring and contending that Loader Leasing was unjustly enriching itself at Barr's potential expense. Loader Leasing objected preliminarily to the third party complaint against it based on its belief that the third party action was prohibited by the doctrine of *res judicata*. The court sustained the preliminary objection insofar as it extended to the issue of Loader Leasing's sole liability but permitted the joinder as to the issues of joint and several liability and liability over. From the order of April 9, 1979, dismissing its complaint in part Barr brought the instant appeal.

We begin our discussion by noting that as a general rule an order which sustains preliminary objections and dismisses the complaint is final and hence appealable. See *Catanese v. Scirica*, 437 Pa. 519, 263 A.2d 372 (1970); *Love v. Temple University*, 422 Pa. 30, 220 A.2d 838 (1966). Furthermore, when the time for appeal has elapsed the matter becomes *res judicata* such that it cannot be subsequently attacked under normal circumstances.[1] *Estate of Gasbarini v. Medical Center of Beaver*, 487 Pa. 266, 409 A.2d 343 (1979); *Love v. Temple University, supra*.

The court's order of November 2, 1978, sustaining Loader Leasing's demurrer to the amended complaint was never appealed. Nor have we been presented with any argument questioning its validity. At this juncture we must deal with that order as valid and unassailable, without intimating our opinion of its propriety.

**1.** As an exception to this general rule *Estate of Gasbarini* put forward the following:

"In *York v. George*, 350 Pa. 439, 39 A.2d 625 (1944), we held that the general rule may be disregarded and an unappealed judgment opened if fraud or other equitable considerations required the granting of such relief. See *Fredley v. Crandall Filling Machinery, Inc.*, 234 Pa.Super. 530, 342 A.2d 757 (1975). As our Superior Court has stated in *Great American Credit Corp. v. Thomas Mini-Markets, Inc.*, 230 Pa.Super. 210, 213, 326 A.2d 517, 519 (1974). 'Where equity demands, the power of the court to open and set aside its judgments may extend well beyond the term in which the judgment is entered.' "

 The law of demurrers in Pennsylvania has long been settled. A demurrer is an assertion that a complaint does not set forth a cause of action or a claim upon which relief can be granted. *Balsbaugh v. Rowland*, 447 Pa. 423, 290 A.2d 85 (1972). In disposing of a demurrer every well-pleaded, material, relevant fact set forth in the pleading to which it is filed, together with all reasonable inferences therefrom, is admitted as true. *Eden Roc Country Club v. Mullhauser*, 416 Pa. 61, 204 A.2d 465 (1964). A demurrer will only be sustained where a complaint or pleading shows with certainty that upon the facts averred therein, the law will not permit the plaintiff or pleading party to recover. *International Union of Operating Engineers v. Linesville Construction Co.*, 457 Pa. 220, 322 A.2d 353 (1974); *Buchanan v. Brentwood Federal Savings and Loan Ass'n.*, 457 Pa. 135, 320 A.2d 117 (1974). Our task today is to reconcile the law of demurrers with the law of *res judicata*. If the order of November 2, 1978 has *res judicata* effect on the third party complaint by Barr then the order of April 9, 1979 sustaining the demurrer will be affirmed.

 Our Supreme Court long ago spelled out the law of *res judicata* in Pennsylvania. In *Bennett v. Erwin*, 325 Pa. 330, 189 A. 675 (1937), the court said:

... [T]o make a matter res judicata there must be a concurrence of the four following conditions: (1) Identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and of parties to the action; (4) identity of the quality in the persons for or against whom the claim is made.

*Id.*, 325 Pa. at 333, 189 A. at 677. See also *Safeguard Mutual Ins. Co. v. Williams*, 463 Pa. 567, 345 A.2d 664 (1975); *London v. Philadelphia*, 412 Pa. 496, 194 A.2d 901 (1963); *Seigfried v. Boyd*, 237 Pa. 55, 85 A. 72 (1912). For the November 2, 1978 order to have *res judicata* effect all four elements of the test must be met.

 For guidance we turn to the Rules of Civil Procedure, specifically to Rules 2229(b) & (c), 2231(c) & (d), and

2252. Rule 2229(b) & (c) permits the joinder by a plaintiff of multiple defendants on several theories of relief, even contradictory ones. The rule reads:

> (b) A plaintiff may join as defendants persons against whom he asserts any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of trans-actions or occurrences if any common question of law or fact affecting the liabilities of all such persons will arise in the action.

> (c) Parties may join or be joined in the alternative although the cause of action asserted by or against any one or more of them is inconsistent with the cause of action asserted by or against any of the others so joined.

Pa.R.C.P. 2229(b) & (c). The joinder of additional parties under Rule 2229 does not affect either the substantive or procedural rights the parties would have in separate actions. This is made clear by Rule 2231(c) & (d), which reads:

> (c) The trial of an action in which parties have joined or have been joined under Rules 2228 and 2229 shall be conducted as if independent actions between such parties had been consolidated for trial.

> (d) Except as otherwise provided by these rules, the joinder of parties in any action shall not affect the proce-dural rights which each party would have if suing or sued separately, and the verdicts and judgments entered there-in shall be joint, several or separate according to the nature of the right or liability therein determined.

Pa.R.C.P. 2231(c) & (d). From this it appears clear that Barr could not correct any error in Del Boring's pleadings pertaining to Loader Leasing because procedurally Barr had no right to interfere in that portion of the suit, at that stage. *General Electric Credit Corp. v. Aetna Casualty & Surety Co.*, 437 Pa. 463, 263 A.2d 448 (1970); *Goughenour v. Campbell*, 219 Pa.Super. 142, 281 A.2d 69 (1971); *Romano-vich v. Hilferty*, 212 Pa.Super. 570, 245 A.2d 701 (1968). The

instant appeal presents us not so much with a situation involving determination of ultimate factual or legal questions, but one more procedural in nature. The essence of the problem is that Del Boring failed to appeal the dismissal of its amended complaint. We think it anomalous to penalize Barr by interposing the doctrine of *res judicata* to frustrate its claim that Loader Leasing is solely liable because of Del Boring's pleading error.

As further support for this line of argument we look to Rule 2252(a) of the Rules of Civil Procedure. Rule 2252(a) which gives a defendant the right to join additional defendant, reads:

> In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

Pa.R.C.P. 2252(a). Of course, a defendant will have no reason to join additional defendants until the court has ruled that the initial pleadings are valid and set out a cause of action on which the defendant could be held liable. Such a ruling comes from the court's consideration of preliminary objections, the purpose of which is to test at an early stage a pleading's validity. Our Supreme Court considered a similar procedural conflict in *Graham v. Greater Latrobe School District*, 436 Pa. 440, 260 A.2d 731 (1970). The problem there involved the time a defendant has in which to join additional defendants under Rule 2253, and the effect preliminary objections have on the time for joinder. As the Court said there:

> " . . . [I]t makes no sense to require the defendant to proceed as if the action will continue [by joining additional

defendants] when he has before the court objections which, if successful, will terminate the litigation. . . ."

The parties have referred us to no Pennsylvania authority on point, nor have we found any ourselves. We have uncovered one case, however, which considered a substantially similar issue. We refer to *Wertz v. Pittsburgh Penn Oil Co.*, 115 Pitts.L.J. 307 (1967) which this writer penned in the halcyon days of his tenure on the Court of Common Pleas of Allegheny County. In that case, the court was faced with a demurrer to a complaint to join an additional defendant. The additional defendant had successfully defended the issue of its sole liability to the plaintiff in a federal court case to which the original defendant in the Common Pleas action had not been a party. The court held there that doctrine of *res judicata* did not bar the defendant from joining the additional defendant and alleging the same issues of fact and law litigated in federal court since the four elements of the *res judicata* test could not be met.

In the instant case, it would be senseless to hold that Barr could not join Loader Leasing on the issue of the latter's sole liability to Del Boring because Del Boring did not adequately plead its cause of action. Barr could have joined Loader Leasing before the disposition of the preliminary objections, but that too strains reason since Barr would have no interest in the suit or in escaping liability if its demurrer were sustained. Additionally, the Rules of Civil Procedure show that the two actions in the complaint are procedurally separate and hence that the parties' identity has not been established, and thus, the test for *res judicata* not met. In light of the foregoing, we hold that *res judicata* does not apply to the case before us, and it was therefore error for the lower court to sustain Loader Leasing's demurrer to the allegation of sole liability. The order dismissing in part the complaint to join the additional defendant is reversed and the case is remanded for further proceedings below not inconsistent with this opinion.

Reversed and remanded, and jurisdiction is relinquished.