In re Cecil ATKINSON, Debtor.

W. Ryan HOVIS, Trustee, Plaintiff,

v.

Charles E. ATKINSON, Defendant.

Bankruptcy No. 86–00515.
Adv. No. 86–0410.

United States Bankruptcy Court,
D. South Carolina.

May 29, 1987.

Douglas F. Gay, Hovis & Duncan Law Offices, Rock Hill, S.C., for plaintiff.

David B. Butler, Columbia, S.C., for defendant.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

Before the court is the plaintiff's motion for leave to amend his complaint. The defendant opposes the motion.

The plaintiff, as trustee in this chapter 7 bankruptcy case, brought the above entitled adversary proceeding against the defendant alleging that two payments made by the debtor to the defendant were preferences under 11 U.S.C. § 547(b)—a Five Thousand and 00/100 ($5,000.00) Dollar payment made on November 18, 1985, and a One Thousand Five Hundred and 00/100 ($1,500.00) Dollar payment made on January 9, 1986.

The debtor, Cecil Atkinson, and the defendant, Charles E. Atkinson, are brothers. The answer of the defendant states that the Five Thousand and 00/100 ($5,000.00) Dollar payment was not made within the ninety (90) day period required for preferences and is, therefore, not a preference.

The plaintiff now moves for leave to amend his complaint to allege that the defendant was an insider, that the payment was made within one (1) year of the debtor's petition, and that the January 9, 1986 payment was in the amount of One Thousand Seven Hundred and 00/100 ($1,700.00) Dollars instead of One Thousand Five Hundred and 00/100 ($1,500.00) Dollars. Opposing the motion, the defendant claims that these alleged facts were known or should have been known by the plaintiff at the time of the filing of the complaint. The defendant maintains that because the plaintiff was not diligent in ascertaining this information at the time of filing, he should not be allowed to amend his complaint.

## I

As to the amendment of pleadings in adversary proceedings in the Bankruptcy Court, Bankruptcy Rule 7015 states that Rule 15 of the Federal Rules of Civil Procedure applies in such adversary proceedings. Rule 15(a), Fed.R.Civ.P. states, in pertinent part:

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

In that Fed.R.Civ.P. 15(a) states that "leave shall be freely given when justice so requires," the general policy of the rule is to favor requests to amend, *Spell v. McDaniel*, 591 F.Supp. 1090, 1097 (E.D.N. C.1984) which states: "Since the function of Rule 15(a) is to enable a party to assert matters that were overlooked or unknown to him at the time he filed his original complaint, leave to amend should be freely granted in the absence of any undue delay, bad faith or dilatory motive."

The plaintiff is not seeking to change his theory of recovery; the adversary proceeding will remain a preference action even if the motion to amend is granted. The alleged error in the allegation that the January 9, 1986 payment was One Thousand Seven Hundred and 00/100 ($1,700.00) Dollars rather than One Thousand Five Hundred and 00/100 ($1,500.00) Dollars appears to be inadvertent; therefore, the amendment should be allowed.

## II

The other proposed amendment relates to the status of the defendant as an "insider" rather than that of a general creditor.

An "insider" includes a relative of the debtor if the debtor is an individual. 11

U.S.C. § 101(30)(A)(i). Since the defendant is the debtor's brother—an undisputed fact—the court sees no prejudice in allowing the plaintiff to amend his pleading to reflect that fact. Allowance of the amendment as it relates to "insider" status makes relevant the application of 11 U.S.C. § 547(b)(4)(B), thereby expanding the avoidance of a preference "to one year before the date of the filing of the petition"; but this, in and of itself, does not evince such prejudice to the defendant as to require the court to deny the amendment. No other evidence of prejudice is shown. Even if some prejudice to the defendant may result by allowing the amendment, the party opposing the amendment must show that the prejudice suffered was substantial. *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir.1973). In his argument before this court and in his brief, the defendant fails to allege any prejudice other than the possibility that the plaintiff may prevail. Nor has the defendant shown that he would be substantially prejudiced by the allowance of the amendment. In the absence of a showing of substantial prejudice, this court shall allow the amendment.

### III

One purpose of Rule 15(a), Fed.R.Civ.P., is to ensure that matters brought before courts reach a final decision on their merits, not on technicalities. *Reaves v. Sielaff*, 382 F.Supp. 472, 474 (E.D.Pa.1974). The amendments offered herein will facilitate the reaching of a final decision on the merits.

### ORDER

Accordingly, the plaintiff should be granted leave to amend his pleadings by:

1. Alleging that the defendant was an insider at the time when the alleged preference payments were made;

2. Alleging that preference payments were made within one year before the filing of the petition for relief under the Bankruptcy Code;

3. Alleging that the amount of the January 9, 1986 payment is One Thousand Seven Hundred and 00/100 ($1,700.00) Dollars.

The plaintiff has ten (10) days from the date of this Order within which to file and serve his amended complaint.

AND IT IS SO ORDERED.