432 A.2d 993

**Barrows DUNHAM, Appellant,**

**v.**

**TEMPLE UNIVERSITY OF the COMMONWEALTH SYSTEM OF HIGHER EDUCATION, the Medium Temple University Ambler Campus and Jordan Gollub.**

Superior Court of Pennsylvania.

Argued June 11, 1980.

Filed March 13, 1981.

Reargument Denied Aug. 18, 1981.

Edwin P. Rome, Philadelphia, for appellant.

Oliver C. Biddle, Philadelphia, for appellees.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

VAN der VOORT, Judge:

A Motion for Judgment on the Pleadings in a civil action for libel has been granted by the Trial Court because of appellant's failure to file a brief in opposition to the Motion within the 30-day period required by Rule 302(d) of the Rules of Civil Procedure of the Montgomery County Court

of Common Pleas. A Motion for Reconsideration and a Motion to Open or Strike the Judgment were denied. A subsequent Complaint, filed while the Motion for Reconsideration was pending and reiterating the same cause of action for libel, was dismissed as res judicata. Each ruling has been appealed and the appeals have been consolidated for argument. We affirm them all for the reasons hereinafter explained.

Neither we nor the Trial Court has passed upon the merits of the allegations of libel set forth in the Complaint. It was filed by appellant, Barrows Dunham, a former member of the faculty of Temple University, against the University, the campus newspaper (The Medium), and a Temple undergraduate (Jordan Gollub). Barrows was a member of the Temple faculty from 1937 to 1953, when he was discharged for "intellectual arrogance" and "misuse of the Fifth Amendment," following his refusal to testify before the House Unamerican Activities Committee. The heart of the Complaint is the charge that on September 28, 1978, the newspaper published a letter written by Gollub in which Gollub expressed the view that appellant was "a traitor" for having been an active member of the Communist party from 1938 to 1945, and that he had been discharged from the University for "treason".

Gollub's published letter, headed "Another View", was written in response to an editorial and a student interview with appellant, both published in the preceding issue of the school paper. In the interview, the appellant described his activities and beliefs as a member of the Communist party from 1938 until 1945, and his experience with the House Unamerican Activities Committee in 1953. The accompanying editorial spoke approvingly of the appellant and expressed support for a proposal that he be restored to favor by being voted a professor emeritus of the University. The appellees defend publication of Gollub's letter as a commentary on the articles which preceded it, protected by the First Amendment.

On May 23, 1979, appellees moved for Judgment on the Pleadings and contemporaneously filed a memorandum in support of their Motion. Appellant did not file a respondent's Brief until June 27, 1979, this being five days more than the 30-day period mandated by the Trial Court's local Rule of Civil Procedure 302(d). The Court Administrator advised the Trial Court of this default, and on June 28, 1979, the Trial Court on its own Motion entered an Order granting appellee's Motion for Judgment on the Pleadings because of appellant's failure to comply with the rule.

On July 3, 1979, appellant filed a Motion for Reconsideration, and on July 9 a Motion to Open or Strike the Order of June 28. On July 18, the Court entered an order dismissing the Petition to Open or Strike, and on August 13 it issued an Order denying the Motion for Reconsideration. On July 23, 1979 appellant filed a second civil Complaint alleging the same libel and differing in its averments in no significant respect from the original Complaint. The Court dismissed the second Complaint as res judicata, by an Order dated August 20, 1979. The appeals from all four Orders have been consolidated, inasmuch as the application of Rule 302(d) is the controlling issue in each Order.

Rule 302(d) was adopted in its present form by the Court of Common Pleas of Montgomery County by Orders dated January 8 and January 29, 1979, to become effective March 1, 1979. It provides:

302(d) *Briefs required*—Submission of briefs or memoranda of law may be made by counsel to the Judge scheduled to hear the argument prior to the time fixed for the argument, at the time of argument or, if requested by the Court, within such time as shall be fixed by the Judge hearing argument other than the demurrers, motions for summary judgment and in such other cases as the Court may direct. In those cases the moving party or parties shall file its brief within thirty (30) days of the date of filing of the demurrers, motions for summary judgment, and such other cases as the Court may have directed; and shall file the same by giving three (3) copies of the brief to

the Court Administrator's Office who shall stamp the same received, and by serving concurrently copies upon all other parties of record. The Court Administrator shall distribute to the Judge or Judges assigned to hear those matters a copy of said brief or briefs.

*The responding party or parties, within thirty (30) days of the filing and service of the moving party's brief, shall likewise file three (3) copies of its brief with the Court Administrator's Office,* who shall stamp the same received, and shall serve concurrently therewith copies upon all other parties of record. The Court Administrator shall distribute to the Judge or Judges assigned to hear those matters, a copy of said brief or briefs.

*If the briefs of either the moving party or responding party are not timely filed within the period above stated, unless the time shall be extended prior thereto by the Court for good cause and reason shown, the Court Administrator shall notify the Court, and the Court shall, without further notice, mark the demurrer, motion for judgment on the pleadings, motion for summary judgment or such other matter as the Court may have directed, granted or dismissed, depending upon which party does not comply with the brief filing requirement of this rule.* If neither party complies, the Court, at the time of argument and upon notification of joint compliance, shall impose whatever sanction it deems appropriate. In the case of multiple parties, the relief shall be granted or the action dismissed as appropriate to the position of the nonfiling party or parties. The Court Administrator shall notify the Judge or Judges to whom the argument has been assigned. There can be no extension of the time for the filing of briefs by agreement of counsel. (Emphasis added.)

The promulgation of this rule was widely advertised by the Court at the time of its adoption, as detailed in the Opinion of President Judge Lowe, speaking for the Trial Court. Appellant makes no claim that his counsel was unaware of the Rule.

The Rule is addressed to the timely filing of briefs in support of and in opposition to certain enumerated Motions. The sanction provided by the Rule is the grant or dismissal of whatever motion is pending before the Court at that time. The President Judge tells us in his Opinion that the effectiveness of the Rule is evidenced by the fact that from March 1, 1979, when it became effective, to and including September 8, 1979, two hundred sixty-two (262) Motions had been disposed of by application of the sanction mandated by the Rule.

The application of the rule to the matter before us was a granting of the pending Motion for Judgment on the Pleadings. In effect, appellant's Complaint was dismissed with prejudice for failure to provide the Court with sufficient material to enable it to render a decision on the issues presented.

The Rule requires the party responding to a Motion to file its brief with the Court Administrator's Office within thirty (30) days of the filing and service of the moving party's brief. In the situation before us, the appellee's brief in support of its Motion for Judgment on the Pleadings was filed on May 23, 1979. The appellant's brief in response was due on June 22, but was not received by the Court Administrator until June 27, five days late. The Administrator at once notified the Trial Court of the delayed filing and on June 28, it entered the first of its Orders in this case. The Court entered Judgment for the appellees because no responsive brief had been filed by the appellant within the 30-day period mandated by Rule 302(d). On July 3, 1979, appellant filed a Motion for Reconsideration, and on July 9 a Motion to Open or Strike the Judgment. In support of those Motions, he submitted an affidavit by one of his counsel to the effect that counsel filed appellant's brief on June 25 by leaving copies at the Prothonotary's Office at approximately 5:15 p. m. The Prothonotary's Office regularly closed at 4:15 p. m., so counsel slipped copies under the door of the Prothonotary's Office. They reached the Court Administrator, with whom they should have been filed, on June 27 and were so stamped by him. In a second affidavit, a secretary

of the same law firm avers that copies of the brief were likewise served on counsel for the appellees on June 25.

Plainly, appellant did not meet the 30-day deadline mandated by the Rule. He offers three arguments in response: (1) that local Rule 302(d) is invalid because it is in conflict with Pa.R.C.P. 1034(b) and 1037(c); (2) that Rule 302(d) should not have been applied in this case because of irregularities in the filing of appellees' Praecipe for Argument; and (3) that, properly calculated, he was not late in filing his brief. We shall deal with each argument in turn.

Pennsylvania Rule of Civil Procedure 1034(b) provides: The Court shall enter such judgment or order as shall be proper on the pleadings.

Rule 1037(c) provides:

In all cases, the court, on motion of a party, may enter an appropriate judgment against a party on default or admission.

It is appellant's contention that Rule 1034(b) mandates that a Motion for Judgment on the Pleadings may be granted only after a review of the merits of the pleadings, and that Rule 1037(c) permits a default judgment only on motion of a party.

In context, these rules are not addressed to the situation before us. Rule 1034(b) is addressed to a situation where one of the parties moves for Judgment on the Pleadings, as sub-section (a) [1] of the Rule demonstrates, and is not addressed to a situation where a Judgment is to be entered on the basis of a Court imposed sanction because of a failure to file a brief within a fixed time period. Likewise, Rule 1037(c) is addressed to the right of one of the parties to move for a Judgment upon default or admission by the other party. Neither Rule 1034(b) nor 1037(c) is addressed to the right of a Court to protect its docket against unreasonable delays of counsel. Montgomery County Rule of Civil Procedure § 302(d) was addressed to that situation and is not within the intended parameters of either Pa.R.C.P. 1034(b)

1. After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.

or 1037(c). Consequently, they are no basis for invalidating Rule 302(d).

Appellant next contends that Rule 302(d) cannot be applied in this case because the appellees did not file their Praecipe for Argument as directed by the Rule. It is contended that the Praecipe for Argument was filed in the Prothonotary's Office instead of with the Court Administrator, and that it was filed the day after the Motion and Briefs were filed instead of simultaneously as the Rule directs. These contentions concerning the Praecipe have no relevancy to the issue before us. The Rule plainly states that the 30-day period for filing the appellant's Brief commenced on the filing and service of the moving parties' Brief. Appellees' Brief was filed with the Court Administrator on May 23, 1978, and was so stamped. Copies were served on appellant the same day. This put him on notice that the 30-day time period of Rule 302(d) had begun to run on May 23. The Praecipe has nothing to do with that requirement.

The further argument that the Praecipe was filed with the Prothonotary instead of the Court Administrator did not affect the appellant in any way. Indeed, these two officials had earlier reached an agreement that Praecipes should be filed with the Prothonotary, and it was the established practice of the Court Administrator to turn over to the Prothonotary any Praecipes that were filed with him.

Finally, it is argued that if Rule 302(d) applies to this situation, the appellant met its 30-day time requirement. This argument is based on the contention that the 30-day period started with the service of the Praecipe on the appellant on May 24, instead of May 23 when the appellees' Brief was filed and served. The rule plainly states otherwise, the respondent's Brief being due "within thirty (30) days of the filing and serving of the moving party's Brief".

Even if it were assumed, arguendo, that the due date for appellant's Brief was June 23, he did not meet the deadline. June 23, 1979 was a Saturday and under that circumstance a Monday filing on June 25 would have been permissible. *Pa.R.C.P. 106(b)*. But the Brief was not filed

with the Court Administrator during office hours on that day. Rather, it was pushed under the door of the Prothonotary's Office sometime after 5:15 P.M., more than an hour after the office had closed for the day. In support of such an "under-the-door, after-hours" filing, appellant argues that Rule 302(d) should be interpreted to permit a party to file a Brief at any hour of the day or night, a day meaning twenty-four hours from midnight to midnight, regardless of established office hours.

There is no justification for such a construction of the rule. Such a practice would be certain to create confusion. There would be no way of knowing whether a paper was filed before or after midnight. Whoever happened to pick the paper off the floor the next morning would have no instructions from the filing party. The fallacy of treating an "under-the-door, after-hours" filing as the equivalent of filing a Brief with a clerk prepared to receive and stamp it during those office hours is shown by the fact that the appellant's Brief did not reach the Administrator's Office until the second day after being tucked under the door of the Prothonotary's Office.

A Petition to Open a default Judgment is addressed to the equitable powers of the Trial Court. The granting of such a Petition is within the discretion of the Court and will not be reversed on appeal absent an error of law or a clear and manifest abuse of discretion. A Motion to Open a Judgment should not be granted unless three factors coalesce; namely, (1) the Petition to Open was promptly filed, (2) there was a reasonable excuse for the delay that caused the default, and (3) a meritorious defense exists. *Tice v. Nationwide Life Insurance Co.*, 253 Pa.Super. 118, 121–122, 384 A.2d 1257, 1258 (1978); *B.C.Y., Inc., Equip. Leasing v. Bukovich*, 257 Pa.Super. 121, 125–127, 390 A.2d 276, 278 (1978); *Reed, Shaw, Stenhouse v. Neiser Co.*, 260 Pa.Super. 192, 194, 393 A.2d 1219, 1220 (1978).

Assuming, arguendo, that the Judgment of June 28 should be treated like other default Judgments, the Trial Court ruled that appellant had not made a reasonable explanation for his failure to file his Brief on time. The Trial

Court did not abuse its discretion in holding that appellant's counsel made no satisfactory explanation for his failure to meet the 30-day deadline. If appellant's counsel needed time beyond June 22, he could have asked for an extension of time before the expiration of the time period "for good cause and reason shown", as Rule 302(d) states. Attempting to calculate the time from the service of appellees' Praecipe rather than the filing of their Brief, and the defense of a late-hour, under-the-door filing, do not qualify as reasonable explanations. No claim is made of an attempt to file the Brief within office hours.

■ The appellant's last appeal is addressed to the Order of August 20, wherein Preliminary Objections to the filing of a second Complaint on July 23, 1979 were sustained on the grounds of res judicata and prior action pending. This Second Complaint alleged libel on the basis of the same statements detailed in the Complaint of September 14, 1978, supplemented by an averment that appellant had suffered a subsequent heart attack. In all other respects, it was a verbatim copy of the earlier Complaint which had been dismissed with prejudice on June 28, 1978 for failure to comply with Rule 302(d).

The appellant contends that the Order of June 28 granting Judgment for the appellees on the Pleadings amounted to no more than a Non-Pros. However, the Rule does not so read and the Trial Court did not so intend it. Had it been the intention of the Rule to direct that the matter pending at the time of default should be non-prossed, the Rule could have so stated quite simply. See, for example, *Pa.R.C.P. 1037(a)*. We should accept the intended meaning of a local rule as given to us by the Court that made it. Our responsibility is to pass upon the authority of the Trial Court to promulgate the rule.

It is also urged that the defense of res judicata cannot be raised by Preliminary Objections because the facts essential to sustain such a plea do not normally appear on the face of the Complaint. However, the situation before us is not the ordinary one, because appellant's second Complaint was filed while the Motion for Reconsideration of the dismissal of the

first Complaint was pending before the Court. Only a few days before the second Complaint was filed, the Court had dismissed appellant's Petition to Open or to Strike the Judgment on the first Complaint. The Court's current knowledge of these proceedings made it quite appropriate to act on the basis of the pleadings before it.

The application of res judicata requires a concurrence of four (4) conditions: (1) an identity of the thing sued upon; (2) an identity of the cause of action; (3) an identity of the persons and parties to the action; and (4) an identity of the quality or capacity of the parties suing or sued. *Bearoff v. Bearoff Bros. Inc.*, 458 Pa. 494, 497, 327 A.2d 72, 74 (1974). The appellant's second Complaint was identical to the first in all four respects, and consequently the Preliminary Objections were properly sustained on the basis of res judicata. They could also have been sustained on the basis of a prior action pending, inasmuch as the Motion for Reconsideration of the June 28 Order was still pending when the second Complaint was filed.

In summary, we sustain the actions of the Trial Court in entering the four (4) Orders here under review.

Affirmed.