**JOSEPH A. CAIRONE, INC.**

v.

**EDWARD M. FREY REALTY, INC., Edward M. Frey and John R. Whitham.**

**Appeal of STATE REAL ESTATE COMMISSION, REAL ESTATE RECOVERY FUND, Appellant.**

Commonwealth Court of Pennsylvania.

Reargued April 15, 1998.
Decided July 20, 1998.

8. In light of our holding in this case, we need not address the other issues raised in this appeal.

Jude T. Walsh, Harrisburg, for appellant.

Edward J. Hayes, Philadelphia, for appellee, Joseph Cairone, Inc.

Before COLINS, President Judge, and McGINLEY, SMITH, PELLEGRINI and KELLEY, JJ.

SMITH, Judge.

The State Real Estate Commission, Real Estate Recovery Fund (Commission) appeals from an order of the Court of Common Pleas of Philadelphia County that awarded Joseph A. Cairone, Inc. (Cairone) $125,000 to be paid from the Commission.[1] The Commission questions whether an agreement among business partners to purchase property for development is an activity that requires a real estate license under the Real Estate Licensing and Registration Act (the RELRA), Act of February 19, 1980, P.L. 15, *as amended,* 63 P.S. §§ 455.101–455.902; whether an aggrieved party is required under Section 803(a) of the RELRA, 63 P.S. § 455.803(a), to prove that it has exhausted all means of collecting its judgment as a prerequisite to receiving payment out of the Commission; whether the term "claim" as used in Section 803(d) of the RELRA is intended to mean "transaction," thus limiting recovery; and whether punitive damages are recoverable against a state agency in the absence of legislative authority.

**I**

Cairone brought an action against Edward M. Frey, Inc. (Frey Realty), Edward M. Frey (Frey) and John R. Whitham (Whitham) (collectively, the Defendants) alleging breach of contract, fraud or negligent misrepresentation and breach of fiduciary duty. As noted by the Superior Court in its opinion on Cairone's successful appeal from the order of the trial court granting the Defendants a new trial, William Schenk Construction Co. (Schenk Construction) was owner of a property on Brighton Road in Philadelphia. In late 1984 Whitham, a real estate salesperson and manager of Frey Realty, approached Schenk Construction about a possible commission if Frey Realty produced a buyer for the property. Schenk Construction refused to sign a listing agreement but did agree to pay a commission if Frey Realty produced a buyer.

Whitham and Frey approached Cairone. Cairone declined to purchase the property on its own, but it proposed to purchase and develop the land in partnership with Frey Realty, with Cairone to handle all matters relating to building homes at the site and Frey Realty to secure financing and to market the finished homes. An agreement for the sale of the property was prepared by Whitham and was executed by Frey for Frey Realty and Joseph Cairone, Sr., for Cairone, conditioned upon the securing of financing. Cairone began making drawings and cost estimates for houses, and Frey Realty began negotiating with a bank. In the period before the proposed April 30, 1985 settlement date, Frey and Whitham approached another builder, JTM Builders, requesting cost estimates and specifications. On April 16, 1985, the bank rejected the loan application. Shortly thereafter Frey and Whitham purchased the property, taking title in the name of Brighton Corporation. They then developed the property in conjunction with JTM Builders. Six days after the sale, Whitham sent Cairone a letter notifying it for the first time of the loan rejection and seeking rights assignments and releases.

---

1. By order of January 29, 1998 the Court granted reconsideration in this matter and withdrew an opinion and order filed December 5, 1997.

Cairone filed suit in April 1987 alleging various counts of breach of contract, fraud or negligent misrepresentation and breach of fiduciary duty against Frey Realty, Frey and Whitham. A jury returned verdicts for Cairone against Frey Realty for breach of contract ($198,000 for lost profits) and against Frey Realty, Frey and Whitham for fraud ($110,000 for lost profits) and for negligent misrepresentation ($20,000 interest on the $198,000 award). The jury also found that a partnership existed between Frey Realty and Cairone and found that Frey Realty breached its fiduciary duty. It awarded $10,000 interest on the $110,000 award on this claim. Further, the jury assessed punitive damages against each of the three Defendants for outrageous behavior, totaling $55,000.

After Cairone's unsuccessful efforts to execute on the judgments, it filed an application pursuant to Section 803 of the RELRA, requesting payment from the Commission. The trial court concluded that the transaction was a brokerage transaction for which a license or registration certificate was required rather than a joint venture. It stated that the Defendants were licensed real estate brokers and that the deal was presented to Cairone in their capacity as real estate brokers. The Defendants negotiated with Cairone for the sale, they arranged for financing, they ultimately sold the houses that were erected and they ultimately collected commissions. The trial court ordered that the Commission pay Cairone $20,000 on each of four claims against the Defendants and ordered payment of $45,000 in regard to the jury's award of punitive damages. This Court's review of a trial court's decision in such a case is limited to determining whether the trial court abused its discretion, erred as a matter of law or made findings not based upon substantial evidence. *Jones v. Whiting*, 152 Pa.Cmwlth. 297, 618 A.2d 1213 (1992).

II

Section 803 of the RELRA provides in part:

(a) When any aggrieved person obtains a final judgment in any court of competent jurisdiction against any person licensed under this act, upon grounds of fraud, mis-representation or deceit with reference to any transaction for which a license or registration certificate is required under this act ... the aggrieved person may, upon termination of all proceedings, including reviews and appeals, file an application in the court in which the judgment was entered for an order directing payment out of the Real Estate Commission of the amount unpaid on the judgment.

(b) The aggrieved person shall be required to show:

(1) That he [or she] is not a spouse of the debtor, or the personal representative of said spouse.

(2) That he [or she] has obtained a final judgment as set out in this section.

(3) That all reasonable personal acts, right of discovery and such other remedies at law and in equity as exist have been exhausted in the collection thereof.

(4) That he [or she] is making said application no more than one year after the termination of the proceedings, including reviews and appeals in connection with the judgment.

The Commission first contends that the trial court erred in determining that the underlying transaction in this case was a "transaction for which a license or registration certificate is required under this act" within the meaning of Section 803(a). It notes the jury's finding that Cairone and Frey Realty entered into a partnership agreement to purchase the property of Schenk Construction and to develop the property, with Cairone and Frey Realty allocating responsibilities between them. The Commission quotes ¶ 5 of the Agreement for Sale: "It is understood and agreed that Edward M. Frey Realty, Inc. will not receive a commission pertaining to this agreement." Complaint of Cairone, Ex. A. The Commission argues that the "transaction" here was nothing more than a failed attempt by a partnership to purchase property. It asserts that there is no support for the trial court's finding that the Defendants prepared a sales agreement with Cairone as the buyer, when in fact Cairone rejected the idea of purchasing by itself, and no such agreement was

prepared. The agreement of sale that was prepared listed the purchasers as "Joseph A. Cairone, Inc. and Edward M. Frey Realty, Inc." *Id.*

The Commission quotes the definition of "broker" in Section 201 of the RELRA, 63 P.S. § 455.201.[2] It contends that here the Defendants were acting on their own behalf, not on behalf of another; that they were not acting for a fee, commission or other valuable consideration; and that they did not perform any of the acts specified in Section 201 on behalf of another. Rather, they acted on behalf of a partnership that was formed to pursue a joint venture, not as agents for someone else in regard to the proposed purchase. Cairone did not rely upon the Defendants to act as its licensed agents in the effort to purchase. Cairone responds by noting that the principle purpose of the RELRA is to protect buyers and sellers of real estate from abuse by persons engaged in the real estate business. *Kalins v. State Real Estate Commission*, 92 Pa.Cmwlth. 569, 500 A.2d 200 (1985). Cairone asserts that the Commission is picking and choosing portions of the record favorable to it by focusing only on matters after the formation of the partnership, rather than taking note of the entire record.

Cairone maintains that Frey Realty, Frey and Whitham are licensed real estate agents and that they contacted Cairone in their capacity as real estate brokers seeking a buyer for the property, not as potential partners. The fact that they ultimately participated in the transaction as partners does not alter the fact that the deal involved licensed real estate brokers. While the Defendants were providing real estate services upon which Cairone relied, they were scheming to defraud Cairone in the transaction by negotiating with another builder. Cairone relies upon *Murphy v. Today's Properties, Ltd.*, 673 A.2d 6 (Pa.Cmwlth.1996), quoting from the Court's conclusion that the person who was chief executive officer and treasurer of a building corporation that fraudulently sold two lots to an abutting homeowner was acting as a licensed real estate broker on behalf of both the purchaser and the seller. Cairone asserts that the same thing happened here.

The Court notes, however, that Cairone's argument overlooks the facts of *Murphy*. There a licensed broker first sold a lot to a couple, on which they built a house (they learned from the deed that the broker was chief executive officer and treasurer of the building corporation that was the seller). Later, the homeowners purchased two abutting lots, through the same broker, from the building corporation. As they later learned to their detriment, the building company/seller never owned one of the lots, and the other was so encumbered that it could not be sold. The Court held that from the time of the broker's original dealings with the homeowners, he was acting as a real estate broker. The State Real Estate Commission stipulated that the homeowners were defrauded by the broker in the purchase of the lot owned by another. In regard to the sale of the encumbered lot, the Court concluded that the broker was functioning as a broker, not as an officer of the building corporation, in that transaction.

The holding of *Murphy* has no application to the present case. Cairone's quotation is taken from the section of the opinion discussing whether the circumstances fell within the terms of Section 304 of the RELRA, 63 P.S. § 455.304, relating to exclusions, which provides that the RELRA does not apply to an owner with respect to property owned or leased by such owner, but limiting the exclu-

---

**2.** That definition provides in full:

Any person who, for another and for a fee, commission or other valuable consideration:
   (1) negotiates with or aids any person in locating or obtaining for purchase, lease or acquisition of interest in any real estate;
   (2) negotiates the listing, sale, purchase, exchange, lease, time share and similarly designated interests, financing or option for any real estate;

   (3) manages or appraises any real estate;
   (4) represents himself as a real estate consultant, counsellor, house finder;
   (5) undertakes to promote the sale, exchange, purchase or rental of real estate: Provided, however, That this provision shall not include any person whose main business is that of advertising, promotion or public relations; or
   (6) attempts to perform any of the above acts.

sion to no more than five partners or officers of a corporate owner. Here the Defendants had no interest in the property owned by Schenk Construction. Further, the Court rejects the assertion that the Defendants were acting as licensed real estate brokers in the transaction at issue. The Court cannot accept Cairone's contention that the legal status of the parties to the transaction should be viewed in terms of the Defendants' original proposal to Cairone that they act as agents for Cairone to purchase, when Cairone rejected that proposal, and it never came to fruition. The legal status that was established, which Cairone cannot and does not dispute, was that of a partnership between Frey Realty and Cairone for the purpose of purchasing the property and developing it.

The trial court's reference to the fact that Frey and Whitham earned commissions on the houses that were constructed and sold after Frey and Whitham purchased the property and developed it with JTM Builders has no relevance to the nature of the dealings between Cairone and the Defendants in regard to their proposed purchase of the property. As the Commission emphasizes, there is no requirement that a partnership or any other entity possess a real estate brokers' license in order to seek to purchase a property for itself, which was what occurred in this case. If a broker's license or registration certificate was not required for the Defendants to engage in the transaction, then, as the Commission contends, it was not a transaction covered by Section 803(a) of the RELRA. In view of this determination, the Court need not address the other points raised by the Commission. Accordingly, the Court reverses the judgment of the trial court ordering payment to Cairone from the Real Estate Recovery Fund.

### ORDER

AND NOW, this 20th day of July, 1998, the order of the Court of Common Pleas of Philadelphia County is reversed, and the judgment in favor of Joseph A. Cairone, Inc. and against the State Real Estate Commission, Real Estate Recovery Fund, is vacated.

LEADBETTER, J., did not participate in the decision in this case.

COLINS, President Judge, dissenting.

I must respectfully dissent. The record clearly shows that Edward M. Frey Realty, Inc., Edward M. Frey, and John W. Whitham are all licensed sales persons, and/or brokers within the meaning of the Act. Further, in their capacity as licensed real estate sales entities, they contacted Joseph A. Cairone seeking a buyer for the property, not as potential partners. The realtors collected commissions from the houses that were later built and sold.

I disagree with the majority's conclusions as to the legal significance of these facts and, as a result thereof, I would affirm the opinion of the trial court and reinstate judgment.

McGINLEY, J., joins in this dissenting opinion.