**Donald P. EILL, Appellant,**

**v.**

**Thomas D. TEGLER, Jr. and Chris Noordendorp, XI, Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 16, 1998.

Filed Dec. 14, 1998.

Gary R. Block, West Chester, for appellant.

Michael Andrews, Radnor, for appellees.

Before KELLY, EAKIN, and OLSZEWSKI, JJ.

OLSZEWSKI, J.:

This is an appeal from an order granting appellee Chris Noordendorp's motion for summary judgment. We affirm.

Appellant Donald P. Eill instituted this action in order to recover real estate brokerage commissions allegedly owed him. Appellant asserts in his complaint that he was to share a commission with Thomas D. Tegler and appellee Noordendorp. At the relevant time, appellant was employed by Tegler Real Estate Associates,. Inc. as a real estate salesperson. Tegler was the licensed broker for the real estate deal underlying this action. Appellee Noordendorp was not a licensed broker. Appellant asserts that Tegler has been paid his portion of the commission; appellant seeks a declaratory judgment against appellee for apportionment of the remaining commission monies.

Appellee moved for summary judgment. The trial court granted that motion, holding that 63 P.S. § 455.604(a)(12) prohibited appellant's suit against appellee Noordendorp. Appellant brings the instant appeal, challenging the grant of summary judgment.

A court may properly grant summary judgment

   (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

   (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

When presented with a challenge to an order granting summary judgment, we view the record in the light most favorable to the non-moving party, resolving all doubts as to the existence of a genuine issue of material fact against the moving party. Concerning questions of law, our scope of review is plenary. We are not bound by the trial court's conclusions of law; instead, we may draw our own inferences and reach our own conclusions.

*Borden, Inc. v. Advent Ink Co.*, 701 A.2d 255, 258 (Pa.Super.1997) (citations omitted), *appeal denied*, 1998 Pa. LEXIS 1508, —— Pa. ——, —— A.2d —— (Pa. July 7, 1998).

Section 455.604(a)(12) makes unlawful "[a]ccepting a commission or any valuable consideration by a salesperson or associate broker for the performance of any acts specified in this act, from any person, except a licensed real estate broker with whom he is affiliated." Appellant contends that the statute was not intended to apply to cases such as this where the suit is not against a prospective seller or prospective buyer, but rather against another salesperson. Appellant offers no support for his contention. Moreover, the plain language of the statute, which prohibits receiving a commission from *"any* person, except a licensed real estate broker with whom he is affiliated," belies appellant's argument. Indeed, by making an exception for the salesperson to receive a commission from the licensed broker, the statute clearly contemplates the situation where the commission has been paid by the prospective seller or buyer but has not been distributed to the salesperson.

In application, salespersons have been prevented from maintaining suits against third parties for unpaid commissions. In *Kreider v. Kleinfelter*, 314 Pa.Super. 571, 461 A.2d 304 (Pa.Super.1983), this Court held:

If a licensed real estate salesperson, employed by a licensed real estate broker, negotiates a real estate transaction, only the broker has the capacity to sue for an unpaid commission. If a licensed salesperson or any unlicensed person sues for a commission owed, the underlying agreement or contract may not be enforced in his favor.

*Id.* at 306–07 (footnotes omitted). The *Kreider* decision interpreted the predecessor of the current § 455.604(a)(12). Both stat-

utes, however, are substantially similar.[1] Furthermore, recent decisions have applied *Kreider* to the new statute. The United States District Court for the Eastern District of Pennsylvania directly relied on *Kreider* in applying the new statute and even quoted the language of that case. *McTamney v. Glenview Corporate Center, Ltd.*, 1993 WL 313500 (E.D.Pa.). The *McTamney* court specifically recognized that the statute considered by the *Kreider* court was no different from the new statute in this regard. Moreover, our Commonwealth Court recognized the similarity between the acts and found precedent regarding the predecessor act was equally applicable to the new act. *Wagner v. State Real Estate Commission*, 126 Pa.Cmwlth. 368, 559 A.2d 999 (Pa.Cmwlth.1989).

Both the plain language of the statute and the relevant case law prohibit a salesperson from suing a third party for unpaid commissions. Only the licensed broker may maintain such an action. While this result may seem unfair, we feel that it is the role of the legislature to remedy any inequities by amending the language of § 455.604(a)(12). Absent legislative action, we find that because appellant is not a licensed broker he may not sue appellee for the unpaid commission. Only Tegler, the licensed broker, may maintain an action against a third party for the unpaid commission.

We note that the statute does not prohibit a salesperson from suing the licensed broker with whom he is affiliated to recover unpaid commissions. As a salesperson, appellant could maintain an action against the licensed broker. Appellee Noordendorp, however, was not the licensed broker. Thus, appellant cannot maintain an action against appellee Noordendorp under this theory.

Because § 455.604(a)(12) prohibits appellant's suit against appellee Noordendorp, the trial court properly granted summary judgment.

Order affirmed.

Dissenting Opinion by KELLY, J.

KELLY, J., dissenting:

The purpose of the Real Estate Licensing and Registration Act at 63 P.S. §§ 455.101–455.902 is to protect buyers and sellers of real estate from abuse by persons engaged in the real estate business. *See Joseph A. Cairone, Inc. v. Edward M. Frey Realty*, 715 A.2d 536 (Pa.Cmwlth.1998); *Kalins v. Pennsylvania State Real Estate Commission*, 92 Pa.Cmwlth. 569, 500 A.2d 200, 203 (Pa. Cmwlth.1985). The Act was not intended to protect a salesperson engaged in the real estate business from suit by a fellow salesperson also engaged in the real estate business. Therefore, I conclude that the Act does not preclude Appellant's suit. Accordingly, Appellant has standing to sue Appellee for a portion of the commission monies that Appellant is allegedly owed under the terms of an oral contract.

The majority cites *Kreider v. Kleinfelter, supra*, and *McTamney v. Glenview Corporate Center, supra*, for the proposition that a salesperson has no standing to sue a third party for an unpaid commission. Both cases, however, involved a suit between a salesperson and a third party vendor whom the statute was designed to protect from abuse. The instant case is distinguishable because the dispute has nothing to do with the collection of an unpaid commission owed by a third party vendor. Rather, this case involves a dispute between a licensed broker and two salespersons, all of whom are engaged in the real estate business, concerning the apportionment of a commission which has already been paid by the third party vendor. In light of the stated purpose of the Real Estate Licensing Act, I think that the majority's interpretation of the statute and case law is too broad. The application of the Act to the facts of this case is misplaced. Thus, I am compelled to dissent.

---

1. Section 445(b) of the Real Estate Brokers License Act under consideration in *Kreider* provided:

    No real estate sales[person] shall accept or receive compensation of any kind from any person, other than the licensed real estate broker by whom he is employed, for any service rendered or work done by such sales[person] in buying, selling, exchanging, leasing or negotiating a loan upon real estate or interest therein.