

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-7-2008

# Jeffrey Britt v. United Steelworkers

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2364

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Jeffrey Britt v. United Steelworkers" (2008). *2008 Decisions.* Paper 695.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/695

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**CLD-248**                                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2364
_____

JEFFREY A. BRITT,
Appellant

v.

UNITED STEELWORKERS OF AMERICA LOCAL 2367; DENNIS J. MARONE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 07-cv-00018)
District Judge: Honorable Kim R. Gibson
_____

Submitted for Possible Summary Action
Under Third Circuit LAR 27.4 and IOP 10.6
July 10, 2008

Before: AMBRO, FUENTES and JORDAN, Circuit Judges

(Filed: August 7, 2008)

_____

OPINION
_____

PER CURIAM

       This is an appeal from the District Court's dismissal of Jeffrey A. Britt's

Fourteenth Amendment race discrimination complaint.  For the following reasons, we

will summarily affirm.  See 3rd Cir. LAR 27.4 and IOP 10.6.

Britt, in his complaint, alleged that three of his co-workers and Dennis Marone, the president of the Local 2367 union, directed racial slurs at him. Marone also allegedly refused Britt's attempt to file a grievance with the union. Eventually Britt filed a charge through the union which, according to him, did not result in any action being taken against the offending parties. Britt was discharged in 1996 and one month later he filed a complaint against the union with the Pennsylvania Human Relations Commission ("PHRC"). The PHRC dismissed the complaint, finding that Britt's allegations of unlawful discrimination were not supported by the facts of the case. In October 2000, Britt filed a pro se complaint in Pennsylvania state court alleging racial discrimination and naming Marone and the union as defendants. On May 30, 2007, the Court of Common Pleas of Cambria County granted summary judgment in favor of the defendants and dismissed the complaint with prejudice. Meanwhile, Britt filed this action in the District Court in January 2007. The District Court, finding the action barred by the principle of res judicata, dismissed the action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Britt filed a timely appeal from the District Court's order.

Our standard of review of the District Court's dismissal under Rule 12(b)(6) is plenary. Atkinson v. LaFayette College, 460 F.3d 447, 451 (3d Cir. 2006). Plenary review requires us to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the

-2-

plaintiff.  See Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).  Under 28 U.S.C.

§ 1915(e)(2)(B)(ii), we must dismiss an appeal if it fails to state a claim on which relief

may be granted.

Under 28 U.S.C. § 1738 a state court's judgment must be given the same effect in

federal court that it would have been given in state court.  McCarter v. Mitcham, 883 F.2d

196, 199 (3d Cir. 1989) (citation omitted).  "Congress has directed federal courts to look

principally to *state* law in deciding what effect to give state-court judgments."  Lance v.

Dennis, 546 U.S. 459, 466 (2006) (emphasis in original).  Pennsylvania courts look to the

concurrence of four conditions to determine whether a claim is barred by res judicata: 1)

the identity of the thing sued upon; 2) the identity of the cause of action; 3) the identity of

the persons and parties to the action; and 4) the identity of the quality or capacity of the

parties suing or sued.  Dunham v. Temple Univ. of the Commonwealth System of Higher

Educ., 432 A.2d 993, 999 (Pa. Super. 1981).  For relitigation to be precluded,

Pennsylvania law also requires that the prior determination be on the merits.  McCarter,

883 F.3d at 199 (citation and quotation omitted).

In this case all four conditions are met and a Pennsylvania state court dismissed

Britt's case on the merits; therefore the District Court properly dismissed the federal

complaint.  Britt's state court complaint contains identical allegations of racial

discrimination and union inaction.  Furthermore, Britt is attempting to sue the same

person and entity as he sued in the state action and the capacity of the parties to sue or be

sued is likewise identical in the two actions. Finally, it is clear from the Court of Common Pleas summary judgment order that Britt had an opportunity to litigate the claim on its merits in the state court. Thus the principles of res judicata prevent Britt from re-litigating his claim in federal court.

Accordingly, because this appeal presents us with no substantial question, we will summarily affirm the District Court's order. See 3rd Cir. LAR 27.4 and IOP 10.6.