**In re Estate of Jodon**

C.P. of Centre County. no. 2008-1941.

*Bernard F. Cantorna,* for plaintiff.
*Steven S. Hurvitz and Allen P. Neely,* for defendants.

LUNSFORD, *J.,* July 20, 2010—

## BACKGROUND

This action arises out of a sales agreement whereby Larry B. Jodon and Vicki L. Jodon conveyed to defendant, Dana/Glass Properties Inc., real estate located in Benner Township, Centre County. On or about May 14, 2004, the parties signed an agreement to sell lots four, five, six, seven and eight within a subdivision known as "Victorian Village." Plaintiff initially signed an agreement to sell the lots to Dana/Glass Properties Inc., with this agreement then being assigned to Amberleigh L.P., a wholly owned subsidiary of Dana/Glass Properties Inc.

The agreement noted that defendant intended to revise a subdivision plan and create "up to two hundred and fifty residential lots for townhouses and other single family residences." Plaintiff was a Pennsylvania licensed real estate salesperson previously associated with Kissinger, Bigatel & Brower; a licensed auctioneer and the owner of property in Spring and Benner Townships. Plaintiff's claims are based on allegations that defendant breached subparagraph 9(g) of the agreement which states:

"[a]t settlement, buyer shall enter into an exclusive right to sell listing agreement with Kissinger, Bigatel & Brower, or such other broker which Larry E. Jodon may be affiliated, provided the same is offered, for the sale and marketing of all residences intended to be constructed upon the lots and thereupon sold, provided that the terms of such listing agreement shall (i) assure that no commission is payable by buyer upon transfers of residential building lots to Berks Construction Co., or another builder who intends to construct a residence thereon and then to sell or transfer to its customer the building, lot and home (it being understood that a commission will be payable when the home and lot are sold to the end customer), (ii) include performance standards by the broker reasonably acceptable to buyer, broker and Berks Construction Co. (or other home builder with which buyer may be affiliated by contract), (iii) provide for buyers or buyer's affiliated builder to approve, in advance, all marketing materials, programs and efforts, and (iv) contain such other terms as buyer, seller and broker may reasonably require. It is the intent of all parties that Larry E. Jodon be the listing agent for the sale of all residences intended to be constructed on the lots

so long are the terms of the listing agreement are as described." (Exhibit A, plaintiff's amended complaint.)

Plaintiff claims defendants paid a smaller up-front purchase price, based upon the promise of an exclusive listing agreement which would yield plaintiff real estate commissions in the future. Plaintiff alleges that an exclusive listing agreement was never executed and instead Dana/Glass Properties Inc. contracted with defendant Berks Construction Co. Inc. to partner and develop Victorian Village. Plaintiff alleges breach of contract, intentional interference with contractual relations, fraudulent misrepresentation and non-disclosure, and detrimental reliance. Defendants filed preliminary objections to plaintiff's original complaint, on or about March 5, 2010. Plaintiff responded by filing an amended complaint, on or about March 26, 2010. Defendant has now filed preliminary objections to plaintiff's amended complaint.

## DISCUSSION

Defendants filed preliminary objections in the nature of demurrer regarding plaintiff's amended complaint. Preliminary objections should be sustained in cases which are clear and free from doubt. *Rivello v. New Jersey Automobile Full Insurance Underwriting Association,* 432 Pa. Super. 336, 638 A.2d 253 (1994). In deciding preliminary objections, the court must consider the evidence in a light most favorable to the non-moving party. *Id.* In considering preliminary objections to a complaint in the nature of demurrer, all well-pleaded material facts set forth in the complaint are admitted as true as well as all inferences reasonably deducible therefrom, but not the pleader's conclusions of law. *Clevenstein v. Rizzuto,* 439 Pa. 397, 400-401, 266 A.2d 623, 624-625 (1970). In determining

whether or not a demurrer should be sustained, two standards must be borne in mind: (1) upon the facts averred, does the law say with certainty that no recovery is permitted; and, (2) "where a doubt exists as to whether a demurrer should be sustained,[it] should be resolved in favor of overruling it." *Id.* The question must be decided solely on the basis of the pleadings, and a demurrer should be overruled unless it is clear from the face of the complaint that the claims cannot be sustained. *Mellon Bank, N.A. v. Fabinyi,* 437 Pa. Super. 559, 567-68, 650 A.2d 895, 899 (1994). In case of any doubt, a demurrer should be overruled. *Id.*

In the present matter, defendants essentially argue that plaintiff lacks standing to sue for unpaid commissions. Defendants argue plaintiff is unable recover because it would be in violation of the Real Estate Licensing and Registration Act, 63 P.S. §455.101 et seq. (the Act) because Mr. Jodon is not a real estate broker. The Act defines a "broker" as:

"Any person who, for another and for a fee, commission or other valuable consideration: (1) negotiates with or aids any person in locating or obtaining purchase, lease or an acquisition of interest in any real estate; (2) negotiates the listing, sale purchase, exchange lease, time share and similarly designated interests, financing or option for any real estate; (3) manages any real estate; (4) represents himself to be a real estate consultant, counselor, agent or finder; (5) undertakes to promote the sale, exchange, purchase, or rental of real estate: Provided, however, that this provision shall not include any person whose main business is that of advertising promotion or public relations; (5.1) undertakes to perform a comparative market analysis; or (6) attempts to perform any of the above actions." 63 P.S. §455.201.

The Act lists "prohibited acts" which may result in the state real estate commission's suspending or revoking licenses or assessing fines. *Eill v. Tegler,* 722 A.2d 200 (Pa. Super. 1998). Defendant points to 63 P.S. §455.604(12) of the prohibited acts which forbids, "accepting a commission or any valuable consideration by a sales person or associate broker for the performance of any acts specified in this act from any person, except the licensed real estate broker with whom he is affiliated." Defendants argue subsection 12 of the Act allows only a real estate broker to accept a commission or any valuable consideration for a sales agreement and prohibits plaintiff from suing a third party for an unpaid commission. Defendants further argue, "if a licensed salesperson or any unlicensed person sues for a commission owed, the underlying agreement or contract may not be enforced in his favor." *Kreider v. Kleinfelter,* 314 Pa. Super. 571, 461 A.2d 304 (1983).

However, section 455.304 of the Act lists a series of exemptions including: "An owner of real estate with respect to property owned or leased by such owner. In the case of a partnership or corporation, this exclusion shall not extend to more than five of its partners or officers, respectively, nor to other partnership or corporation personnel or employees." 63 P.S. §455.304(2). Because plaintiff was owner of the real estate referenced in the sales agreement, plaintiff has sufficiently pled that he is exempt from the Act and his claims are not barred by subsection 12 in order to survive demurrer. In the cases cited by plaintiff, *Eill* and *Kreider,* the plaintiffs were not in such position.

Plaintiff correctly avers that the complaint does not arise out of the services of a real estate agent who claims a commission due and owing from the sale of real estate. Rather, the plaintiff's claim is that he was a seller of property who

negotiated in good faith an agreement for the sale. The complaint alleges that as a result of the promise to enter into a future agreement, defendants were able to negotiate a smaller up-front purchase price. Plaintiff's damages stem from the alleged breach of this contract and the damages do not reflect a suit for recovery of commission for real estate services performed, but rather, recovery of damages resulting from the breach of the sales agreement and that the defendants entered into business transactions that breached previous agreements. Upon the facts averred, the law does not say with certainty that recovery is not permitted. Therefore, defendants' preliminary objections are overruled.

According the following order is entered:

## ORDER

And now, July 20, 2010, upon consideration of defendants' preliminary objections to plaintiff's amended complaint and the briefs submitted by the parties regarding the same, the preliminary objections are hereby overruled.