J-S38033-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| MANUEL ADAMES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANNA MARIA TOLOMELLO | : | No. 863 EDA 2023 |

Appeal from the Order Entered March 10, 2023
In the Court of Common Pleas of Bucks County Civil Division at No(s):
202272332

BEFORE:  LAZARUS, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED NOVEMBER 7, 2023**

Manuel Adames (Adames) appeals an order of the Court of Common Pleas of Bucks County (trial court) striking a broker's lien and dismissing a complaint which was filed to enforce that lien.  The lien and complaint were both filed to recover an unpaid real estate commission allegedly due under a listing agreement naming Anna Maria Tolomello (Tolomello) as the seller of property located at 215 East Butler Avenue, Chalfont, Pennsylvania (the property).  We affirm in part and reverse in part.

On August 31, 2021, Tolomello retained Compass Pennsylvania, LLC as her broker and Manuel Adames was a salesperson operating under the

_____

[*] Retired Senior Judge assigned to the Superior Court.

broker's license to sell the property. The listing agreement identified Adames as the "Broker's Licensee."

On August 8, 2022, Tolomello entered an agreement of sale for the property. A week later, pursuant to the Commercial Real Estate Broker Lien Act (the Lien Act), 68 P.S. §§ 1051-1064, Adames filed a *praecipe* for a broker's lien, seeking to recover a commission of $70,000.[1] The closing on the property took place on September 1, 2022, and the property was sold for $950,000. In compliance with the Lien Act, the trial court entered an order directing that $70,000 of the sale proceeds would be placed into an escrow account.[2]

---

[1] The Lien Act provides that "[e]ach broker, unless employed by another broker, shall have a lien in the amount of the compensation agreed upon by and between the broker and the broker's client upon commercial real estate or any interest in that commercial real estate[.]" 68 P.S. § 1053. Section 1055 of the Lien Act states further states that "[n]o lien shall be allowed in favor of any person other than a broker as defined herein even though such person furnishes labor or materials which result in the procurement of a person or entity who is ready, willing and able to purchase, lease or accept a conveyance of the commercial real estate[.]" 68 P.S. § 1055. "Broker" is defined in the Lien Act as "[a] person who is licensed under the laws of this Commonwealth to act as a real estate broker." 68 P.S. § 1052.

[2] Section 1060 of the Lien Act requires that "whenever a claim for lien has been filed with the prothonotary that would prevent the closing of a transaction or conveyance, an escrow account shall be established from the proceeds from the transaction or conveyance in an amount that is sufficient to release the claim for lien." 68 P.S. § 1060.

On August 26, 2022, Tolomello invoked a provision of the Lien Act requiring Adames to file a complaint to enforce the lien.[3] In response, Adames filed a complaint asserting that Tolomello was liable for breach of contract and unjust enrichment and sought an injunction to compel mediation.[4] Tolomello filed preliminary objections in the nature of a demurrer seeking the dismissal of Adames' complaint. She also argued that the broker's lien should be stricken because only a licensed broker can enforce a lien under the Lien Act, and Adames was not a licensed broker.

---

[3] A property owner may file a *praecipe* with the prothonotary, who must then enter a rule upon the person claiming the lien to file a complaint. **See** 68 P.S. § 1058(f). The lien must be extinguished unless a complaint is filed within 20 days after service of the rule. **See id**.

[4] Section 1058 of the Lien Act provides in relevant part as follows:

> (a) Commencement of proceedings.--A broker may bring suit to enforce the lien in the court of common pleas in the county where the lien is filed by filing a complaint as set forth under subsection (e).

> \*\*\*

> (e) Complaint and defendants to the action.--A complaint under this section shall contain a brief statement of the contract or agreement on which the lien is founded, the date when the contract or agreement was made, a description of the services performed, the amount due and unpaid and a description of the property that is subject to the lien. The plaintiff shall make all interested parties, of whose interest he is notified or has knowledge, defendants to the action.

68 P.S. § 1058.

At the hearing on the preliminary objections, Adames' counsel conceded that the broker's lien was defective as a matter of law, and that Adames could not avail himself of the Lien Act. **See** Hearing Transcript, 2/8/2023, at pp. 29-31. Counsel clarified that the broker's lien was only being used to facilitate a mediation under the terms of the listing agreement. **See id**. at p. 31. At the conclusion of the hearing, the trial court sustained Tolomello's preliminary objections, struck Adames' broker's lien and dismissed the complaint to enforce the lien with prejudice.[5]

Adames timely filed a notice of appeal as well as a 1925(b) statement of errors. All three issues enumerated in the 1925(b) statement amounted to the single contention that the complaint should not have been dismissed because Adames' common law claims and his demand for mediation remained viable even if the broker's lien was properly stricken.

In its 1925(a) opinion, the trial court reasoned that since Adames is not a "broker" under the Lien Act, he had no standing to enforce a broker's lien against Tolomello. **See** 1925(a) Opinion, 6/28/2023, at 6-11. As to Adames' complaint, the trial court concluded that his inability to qualify as a broker under the Lien Act precluded him from prevailing on any of his common law claims in a lien enforcement action. **See id**. at 10-11 ("The [trial court's]

---

[5] Tolomello has petitioned the trial court for attorney's fees, and that petition is pending.

dismissal of the Complaint with prejudice was proper because Adames does not have standing under the Lien Act to file a notice of lien and therefore, lacks standing to enforce a lien by subsequently filing a complaint in the same instant action.").

We find that the trial court did not abuse its discretion as to Adames' lien action.[6] Even assuming that Tolomello is bound to pay a broker's commission under the terms of the listing agreement, the trial court correctly concluded that Adames, who admittedly was not a real estate broker, is barred from recovering the disputed sum by way of a broker's lien.

It necessarily follows that the trial court's order striking the broker's lien required the dismissal with prejudice of the complaint filed to enforce the lien, as there was no longer a lien to enforce. However, because Adames was compelled by rule to file his complaint only as a means of enforcing a lien under the Lien Act, any common law or statutory causes of action that might otherwise be available to Adames to recover for a breach of the listing agreement were not properly at issue before the trial court.

---

[6] Preliminary objections may be filed to test the legal sufficiency of the complaint. *See* Pa.R.C.P. 1028(a)(4). When evaluating a complaint's legal sufficiency, all material facts set forth in the complaint are admitted as true, and all reasonable inferences must be made in the pleader's favor. Our scope of review of a trial court's decision regarding preliminary objections is limited to determining whether the trial court committed an error of law or an abuse of discretion. *See Brosovic v. Nationwide Mut. Ins. Co.*, 841 A.2d 1071, 1073 (Pa. Super. 2004) (citation omitted).

Accordingly, to the extent that the trial court's order was intended to bar Adames from filing future common law claims to recover the unpaid commission, we must reverse that portion of the order because it was beyond the scope of the case.[7]

Order affirmed in part and reversed in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/7/2023

---

[7] We note that the Real Estate Licensing and Registration Act provides that a salesperson may not accept any valuable consideration for the performance of real estate services from anyone "except the licensed real estate broker with whom he is affiliated." 63 P.S. § 455.604(a)(12). In prior cases, this Court has interpreted the statute as giving only a licensed broker "capacity to sue [a third party] for an unpaid commission[.]" *Eill v. Tegler*, 722 A.2d 200, 201 (Pa. Super. 1998) (quoting *Kreider v. Kleinfelter*, 461 A.2d 304, 306-07 (Pa. Super. 1983)).